# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:24-cv-00122-MR

| | |
|---|---|
| **JASON MYERS WHITE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **IREDELL COUNTY, et al.,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

## I. BACKGROUND

The pro se Plaintiff filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Iredell County Jail (ICJ) where he is a pretrial detainee. [Doc. 1]. He names as Defendants: Iredell County; Vincent Pandolpha, a correctional officer; and Bert Connelly, the "Chief of Jail." [Doc. 1 at 3-5]. Specifically, he alleges:

> On Feb 11th 2023 I asked Correctional Officer Vincent Pandolpha for paper to write the D.A. explaining my 100% innocence. He popped my door & went insane & beat me. Over 10 punches/slaps, tried to break my elbow, & split my forehead on a metal beam. All causing hospitalization & stitches. All on HD camera in G-Block with witnesses…. Denied any involvement in his prosecution.

[Doc. 1 at 5-6] (errors uncorrected). The Plaintiff claims that Pandolpha was "fired immediately." [Id. at 8]. For injury, he claims: "Split forehead, sprained elbow, stitches, bruising & soreness. Ongoing stress. Loss of access to courts by the Bert Connelly led coverup of this ordeal." [Id. at 7]. He seeks the appointment of counsel and his "day in court for justice." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff names Iredell County as a Defendant. Local governing bodies "can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Municipal liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality

3

can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)).

The Plaintiff does not make any allegations against the County and he has thus failed to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). To the extent that he attempts to rely on respondeat superior, this is insufficient to establish a § 1983 claim against the County. The claims against the County are, therefore, dismissed without prejudice.

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force

claim is "solely an objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396).

Construing the allegations liberally and accepting them as true for purposes of this initial review, the Plaintiff's excessive force claim will be allowed to proceed against Defendant Pandolpha in that it is not clearly frivolous.

In his Complaint, the Plaintiff conclusively alleges that he lost access to the courts because Defendant Connelly "cover[ed] up" the excessive force incident.[1] [Doc. 1 at 6]. The Supreme Court stated in Bounds v. Smith, 430 U.S. 817 (1977), that prisoners must have meaningful access to the courts. The "meaningful access" referred to in Bounds does not, however, entitle a plaintiff to total or unlimited access. See Moore v. Gray, No. 5:04-CT-918-

---

[1] The Plaintiff also contends that he was "denied an involvement in [Pandolpha's] prosecution." [Doc. 1 at 6]. The Plaintiff fails to attribute this to any defendant. See generally Fed. R. Civ. P. 8(a), 10(a). In any event, this allegation fails to state a § 1983 claim because the Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution"); Brown v. Rowan Cnty. Det. Ctr., 2012 WL 5338574 (M.D.N.C. Oct. 30, 2012) ("an inmate does not state a constitutional claim by alleging that he was denied the right to press criminal charges).

5

FL, 2005 WL 3448047, at *1 (E.D.N.C. Jan. 26, 2005), aff'd, 133 Fed. App'x 913 (4th Cir. 2005) (unpublished) (citation omitted). The right of access to the courts only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 356-57 (1996). Moreover, as a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. See id. at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim challenging their conviction or conditions of confinement. See id. A plaintiff's "[f]ailure to show that a 'nonfrivolous legal claim has been frustrated' is fatal to his Bounds claim." Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (quoting Casey, 518 U.S. at 353).

Here, the Plaintiff fails to allege facts that would plausibly establish that Connelly deprived him of meaningful access to the courts such that a nonfrivolous legal claim was frustrated. The Plaintiff's claim against Defendant Connelly is, therefore, dismissed without prejudice.

Finally, the Plaintiff requests the appointment of counsel. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff

6

Case 5:24-cv-00122-MR   Document 6   Filed 06/03/24   Page 6 of 8

who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel and, therefore, his request is denied.[2]

## IV. CONCLUSION

In sum, the Plaintiff's Complaint passes initial review on the Plaintiff's excessive force claim against Defendant Pandolpha. The remaining claims are dismissed without prejudice, and the Defendant's request for the appointment of counsel is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's Complaint [Doc. 1] passes initial review for the use of excessive force against Defendant Vincent Pandolpha.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Plaintiff's request for the appointment of counsel is **DENIED**.

4. The Clerk is respectfully instructed to mail a blank summons form to the Plaintiff, which the Plaintiff shall fill out and return for service of process on Defendant Pandolpha. Once the Court

---

[2] The Plaintiff is reminded that requests for relief must be filed by way of a Motion. [See May 14, 2024 Standing Order].

receives the completed summons from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendant.

**IT IS SO ORDERED**.

Signed: June 3, 2024

Martin Reidinger
Chief United States District Judge