# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:24-cv-00122-MR

| | | |
|---|---|---|
| **JASON MYERS WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **IREDELL COUNTY, et al.,** | ) | <u>ORDER</u> |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's filing of a proposed Summons [Doc. 7].

The *pro se* Plaintiff, who is proceeding *in forma pauperis,* filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Iredell County Jail (ICJ) where the Plaintiff is a pretrial detainee. [Doc. 1]. On June 3, 2024, the Complaint passed initial review against Defendant Vincent Pandolpha, a former ICJ correctional officer, for the use of excessive force. [Doc. 6]. The Court mailed the Plaintiff a blank summons form with instructions to "fill out and return [it] for service of process on Defendant Pandoplpha…." [<u>Id.</u> at 7]. The Plaintiff failed to comply. On July 17, 2024, the Court mailed the Plaintiff another blank summons form and again ordered the Plaintiff to "fill out and return the summons form to the

Court for service of process on Defendant ….." [July 17, 2024 Text-Only Order]. The Plaintiff was cautioned that, if he failed to comply within 14 days, this case would be dismissed and closed without further notice. [Id.].

The Plaintiff has returned the summons form, but it is blank except for the Defendant's name and a partial address for the ICJ. [Doc. 7 at 1-2]. In an attached letter, the Plaintiff states that he has no means of finding the Defendant's address because he is incarcerated, and that he had requested the address from his court-appointed lawyer, to no avail. [Doc. 7-1].

"District judges have no obligation to act as counsel or paralegal to pro se litigants." Pliler v. Ford, 542 U.S. 225, 231 (2004). For instance, a court need not take over legal "chores" that an attorney would normally carry out for a litigant. Id. Therefore, to the extent that the Plaintiff seeks to shift his burden to complete the summons forms to the Court, this is denied.

The Plaintiff has repeatedly failed to comply with the Court's Orders, and the matter cannot proceed. This case will therefore be dismissed without prejudice. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court

2

has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's proposed Summons [Doc. 7] is **STRICKEN**, and this case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 22, 2024

Martin Reidinger
Chief United States District Judge

3